King *v.* Dale.

2 513
40a 236

---

WILLIAM KING, appellant *v.* JOHN DALE, appellee.

*Appeal from Hamilton.*

On the trial of a suit for a *crim. con.* between the defendant and the wife of the plaintiff, a juror was proposed, who, being examined, stated that he had heard the testimony against the wife of the plaintiff, who was indicted for adultery with the defendant, and from that testimony he had formed and expressed an opinion, but had not formed any opinion in this case, not knowing that there was a civil suit then : *Held* that he was a competent juror, it not appearing that the crime for which the wife was indicted, was committed before or after the commencement of the suit for *crim. con.*

In a suit for a *crim. con.,* a marriage license issued in the State of Tennessee, with a certificate endorsed thereon by a justice of the peace, that he had solemnized the marriage, was admitted in evidence, the official character of the officer granting the license, and also that of the justice of the peace, being certified by the clerk, the keeper of the records, under his official seal, and the presiding justice having certified to the authority and official character of the clerk : *Held* that the license and certificates were properly admitted.

It is a valid objection to a deposition, that it was dictated or written by an attorney in the cause; but the objection must be supported by proof of the fact.

Where a deposition is read in evidence which proves nothing for either party, the Court will not enquire whether it was properly admitted.

WILSON, Chief Justice, delivered the opinion of the Court:

This was an action for a *crim. con.* Dale, the plaintiff below, obtained a verdict and judgment against the defendant, King, from which he appealed to this Court, and assigned for error,

1. That the Court permitted an individual to be sworn as a juror, who had formed and expressed an opinion as to the merits of the case.

2. That the Court permitted to be read in evidence, a certificate of the marriage in Tennessee, between Dale and his wife, without its being properly authenticated, and,

3. That the Court allowed depositions to be read in evidence, which were objected to.

One of the facts assumed in the first assignment of error is contradicted by the record. Hardy, the individual objected to as a juror, was not sworn upon the jury, but the objection to him was overruled by the Court, after he had been sworn and interrogated as to his having formed and expressed an opinion upon the merits of the case. In his examination on that point, he stated "That he had heard the testimony against Cinthia Dale, who was indicted for adultery with the defendant, King, and from that testimony he had formed and expressed an opinion; but had not formed any opinion in this case, not knowing that there was a civil suit then." This statement is very indefinite as to the connection between the cause in which the proposed juror had formed an opinion, and the one before the Court; and it does not appear with any degree of certainty, that the criminal intercourse between Mrs. Dale and King, which was the foundation of the criminal prosecution against her, did not take place subsequently to the institution of the suit then before the Court. If such was the fact, (and nothing to the contrary is shown,) then there was no objection to the individual as a juror, because the plaintiff's right to recover, depended upon the proof of circumstances anterior to those which may have been the foundation of the proposed juror's opinion.

The second assignment of error, which questions the sufficiency of the authentication of the certificate of marriage, is not supported by the facts in the case. An inspection of the record will show it to contain an exemplified copy of a license issued in the State of Tennessee, for the marriage of John Dale to Cinthia Smith. On the back of this license is endorsed a certificate of a justice of the peace, that he had solemnized the marriage. The official character of the officer granting the marriage license, and also that of the one performing the ceremony, is authenticated by the certificate of the clerk, the keeper of the records, under his seal of office. The presiding justice then certifies to the authority and official character of the clerk, whose attestation, in turn, verifies that of the justice. These several authentications are by the accredited officers of the law, and in the form and order prescribed by the act of Congress, to entitle records and public acts to the same faith and credit in the courts of the several States, that they have by law in the courts of the State from whence they are taken. The certificate of marriage was therefore properly received in evidence.

The third assignment of error applies only to the depositions of Freeman and Vaught. The reading in evidence of Vaught's deposition was objected to on the ground that it was in the hand writing of McClernand, one of the attorneys for the plaintiff. It is certainly a valid objection to a deposition, that it has been dictated or drawn by an attorney in the cause; but the objection

must be supported by proof of the fact. This was not done in this case. There is no evidence whatever, that the deposition was written by McClernand, nor is it even satisfactorily proved that he was an attorney in the cause. All the testimony in relation to that point, is, that Scates, the attorney who conducted the cause for the plaintiff, told McClernand that he wished him to assist him in the suit; but it does not appear that he consented to do so, or that he ever did appear in the case as attorney, or in any other capacity.

With respect to Freeman's deposition, it is unnecessary to enquire into the sufficiency of the objections to its being received in evidence, because it proves nothing for or against either party, and could not therefore have influenced the decision of the jury; for this reason, its having been read in evidence cannot be assigned for error.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See La Fayette Bank *v.* Stone, and note at the end of the case, *Ante* 424–7; Wickersham *v.* The People, *Ante* 128.